**Raymond PEARL, et al.**

v.

**ALLIED CORPORATION, et al.**

Civ. A. No. 82–2931.

United States District Court,
E.D. Pennsylvania.

Aug. 28, 1984.

See also 566 F.Supp. 400.

Edwin P. Rome, Philadelphia, Pa., for plaintiff.

Alan Klein, David L. Grove, Franklin Poul, Philadelphia, Pa., Gilbert S. Edelson, New York City, Jerome A. Hoffman, Dean Murtagh, Curtis P. Cheyney, III, Thomas Ziomek, T.R. Harrington, Philadelphia, Pa., Peter Lauriat, Boston, Mass., D.J.P. Sweeney, Philadelphia, Pa., Michael R. Bucci, Thorp, Reed & Armstrong, Pittsburgh, Pa., Robert R. Reeder, Cozen, Begier & O'Connor, Philadelphia, Pa., for defendant Reichhold Chemicals, Inc.

David Toomey, Jane Elliot, David Loder, Duane, Morris & Heckscher, Philadelphia, Pa., for defendants Allied Corp. and Getty Refining & Marketing Co.

John M. Fitzpatrick, Virginia Lynn Hogben, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for defendants Occidental Petroleum Corp.

Michael Davis, Sidley & Austin, Chicago, Ill., and Edward Mengel, Thomas Ziomek, Richard D. Adamson, White & Williams, Philadelphia, Pa., for defendant Borden, Inc.

Thomas R. Harrington, Jennifer Berke, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendant Tenneco Chemicals, Inc.

Peter Lauriat, Herrick & Smith, Boston, Mass., and Donald J.P. Sweeney, Walter S. Jenkins, McWilliams & Sweeney, P.C., Philadelphia, Pa., for defendant BASF Wynadotte.

Mitchell S. Pinsly, Edward Edelstein, Margolis, Edelstein & Scherlis, Philadelphia, Pa., for defendant Intern. Minerals & Chemicals Corp.

Gilbert Edelson, Marc E. Kasowitz, Rosenman, Colin, Freund, Lewis & Cohen, New York City, and Franklin

Poul, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant Celanese Corp.

Jerome A. Hoffman, Frank J. Eisenhart, Jr., Dechert, Price & Rhoads, Philadelphia, Pa., for defendant Ciba-Geigy Corp.

Dean Murtagh, German, Gallagher & Murtagh, Philadelphia, Pa., for defendant Univar Corp.

Curtis P. Cheyney, III, Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant Wright Chemical Corp.

Alan Klein, Philadelphia, Pa., for Georgia Pacific.

David L. Grove, Philadelphia, Pa., for Monsanto.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

The plaintiffs allege that they have suffered injury as a result of the installation of urea formaldehyde foam insulation (UFFI) in their residence. Their second amended complaint seeks recovery under the theories of strict liability, negligence, express warranty and implied warranty. It also includes class action allegations which support our maintaining this action as such. Specifically, the plaintiffs allege that they are adequate representatives of two separate classes of individuals with whom they are similarly situated. Both classes are comprised of individuals who own or rent a home, apartment or mobile home in Pennsylvania in which UFFI has been installed. However, Class I members allege that they have suffered property damage to their homes. They seek a monetary reward for the diminution in value of their home and the cost of removing UFFI. They additionally seek punitive damages. Contrarily, Class II members allege that they suffer present physical injury and that they can be expected to suffer future illness and disease because of their exposure to UFFI. They seek a contingency fund for the testing, screening and treatment of present and future injuries. They also seek punitive damages.

Presently before the Court is the plaintiffs' motion for class certification. It is apparent from the motion that the plaintiffs have altered their class action as proposed in their complaint in several respects. Although the composition of the class members is essentially the same, the claims which they now pursue are somewhat modified. Specifically, Class I merely seeks recovery of the cost of removing UFFI and punitive damages. Class II only seeks a fund for the testing, screening and treatment of future medical problems due to exposure to UFFI and punitive damages. The plaintiffs have made a conscious choice not to pursue claims of present physical injury or diminution in property value. They have also abandoned their claim for breach of express warranty.

In their memoranda in opposition to the plaintiffs' motion, the defendants argue, *inter alia,* that class certification should be denied because individual issues predominate over those common to the class and because the plaintiffs, by abandoning several claims alleged in the complaint, are no longer adequate class representatives. We agree with the defendants and will deny the plaintiffs' motion.

Recently, we denied similar motions for class certification in other UFFI cases because

[t]he highly individualized nature of plaintiff[s'] claims would present insurmountable problems if [the] action[s] were maintained as a class. Specifically, varying factual issues: representations made and purportedly relied upon by individual purchasers of urea formaldehyde insulation; the conduct of intermediary installers and the inherent problems of establishing causation all counsel against certification. Differing legal issues also present questions which admit to neither facile nor proper resolution through the class action device. (citation omitted) Finally, the requested monetary relief for personal injury and property damage underscores our conclusion that certification is inappropriate. (citations omitted).

*Delaney v. Borden,* 99 F.R.D. 44 (E.D.Pa. 1933); *Sanders v. Tailored Chemical Corporation,* 570 F.Supp. 1543 (E.D.Pa.1983).

In the instant motion, the plaintiffs do not attempt to distinguish our prior decisions on this question nor do they even mention them. However, it is apparent that they have modified the proposed classes alleged in their complaint in an effort to exclude claims necessitating individualized proofs. By abandoning their claims of present physical injury, diminution in the property value of their residences, and breach of express warranty they have eliminated many issues peculiar to individual class members. Nonetheless, individual issues still predominate.

For example, the plaintiffs' product liability and negligence claims require individualized proofs on the issue of causation. In that regard, the evidence in the present record overwhelmingly shows that many factors affect the level of formaldehyde gas emitted into the air in residences installed with UFFI. The conditions present during and after the installation of UFFI will undoubtedly differ from residence to residence. Such factual distinctions require individualized proofs. Moreover, the plaintiffs' claim that causation and injury need not be shown on an individual basis "[b]ecause the inherently defective nature of formaldehyde in UFFI will be [ ] established", is incorrect. Plaintiffs' motion for class certification at p. 3. Even assuming plaintiffs are able to show that the formaldehyde in UFFL is defective, they must further show that the defect was or will be a substantial factor in causing the injuries of which they complain.

Among the factors which affect the causation issue from both the plaintiffs' and defendants' perspectives is the conduct of intermediary installers. The plaintiffs cannot and do not allege that the defendants manufactured UFFI. They only allege that the defendants manufacture formaldehyde in varying forms of which some were used by third parties to make UFFI. The parties do not dispute that UFFI was made on the installation site by an installer who mixed the formaldehyde product with other necessary components. Consequently, questions are raised as to whether the installers acted properly, *e.g.* in using a urea formaldehyde resin component which was manufactured for use in insulation products or in mixing a proper concentration of the components used in the UFFI. Another question is whether the UFFI was placed in appropriate places within the residences. These questions require individualized proofs which cannot be dealt with effectively via the class action vehicle. Moreover, they represent only a fraction of the questions from *one* of the factors affecting the causation issue, *only.* The damage issue raises its own questions of individualized proofs.

As stated by the Advisory Committee's Note to the 1966 Revision of Rule 23(b)(3), 39 F.R.D. 69, 103:

> A "mass accident" resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried. [citations omitted].

The instant action is among the type to which the Advisory Committee's Note refers. We are not moved by the plaintiffs' assertions to the contrary.

In addition, it appears that the plaintiffs' efforts to certify a class by abandoning some of the claims of their fellow class members have rendered them inadequate class representatives. We find compelling the defendants' analogy of the plaintiffs' actions in this case to those of the plaintiffs in *Feinstein v. Firestone Tire and Rubber Co.,* 535 F.Supp. 595 (S.D.N.Y.1982). In *Feinstein,* the plaintiffs sought to certify a class of plaintiffs injured by Firestone's allegedly defective tires. Prior to the trial, plaintiffs' counsel "narrowed the claims asserted on behalf of the class to claims for

breach of an implied warranty of merchantability" and "assert[ed] no claims for death, (personal) injury or accident-related property damage". *Id.* at 599. In denying class certification, the court stated:

> [A] serious question of adequacy of representation arises when the class representatives profess themselves willing, as they do here, to assert on behalf of the class only such claims as arise from breach of an implied warranty. Plaintiffs' contemplation is that other claims, such as those for death, injury, accident-related property damage, or other consequential damage, may be pursued in other courts. It is fair to say that, during the course of preliminary hearings in this case, plaintiffs so tailored the class claims in an effort to improve the possibility of demonstrating commonality. But that improvement—essentially cosmetic, as the foregoing analysis demonstrates—was purchased at the price of presenting putative class members with significant risks of being told later that they had impermissibly split a single cause of action.

*Id.* at 606.

Likewise, in the case at bar, class members whose claims would be abandoned by the plaintiffs may find themselves precluded by the doctrine of *res judicata* from asserting those claims in subsequent actions. For this reason, the plaintiffs cannot properly serve as class representatives.

We will deny their motion for a class certification.