PAUL RAMOS & others[1] *vs.* BOARD OF REGISTRARS OF VOTERS OF NORFOLK & others.[2]

Norfolk. April 7, 1977. — January 5, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & ABRAMS, JJ.

*Domicil. Elections. Practice, Civil,* Class action. *Prisoner.*

Where the predominant question presented by plaintiff inmates in an action against a town's board of registrars of voters was whether their completed affidavits of registration established on their face that they were qualified voters residing in the town, certification of the plaintiffs as a class was warranted. [179-180]

For the reasons stated in *Dane* v. *Registrars of Voters of Concord, ante,* 152 (1978), a town's registrars of voters were not precluded from questioning inmates of a prison in the town pursuant to G. L. c. 51, §§ 47, 48, and 49, so as to ascertain their domicil. [180]

CIVIL ACTION commenced in the Superior Court on October 5, 1976.

The case was heard by *Moynihan, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas M. White* for the defendants.

*Anne Hoffman* for the plaintiffs.

QUIRICO, J. The plaintiffs (inmates), who are prisoners incarcerated at the Massachusetts Correctional Institution, Norfolk (Norfolk), brought an action in the county court, on September 29, 1976, seeking a judgment ordering the defendant board of registrars (registrars) to hold a voter registration session at Norfolk.[3] Following a hearing on Oc-

---

[1] Approximately six hundred nineteen inmates of M.C.I. Norfolk.

[2] Individual members of the board of registrars.

[3] The plaintiff inmates, in the original action before the single justice, numbered six hundred twenty-one.

tober 1, 1976, the single justice found that ten or more voters of the town of Norfolk (town) had filed with the registrars a petition pursuant to G. L. c. 51, § 42B, requesting the registrars to hold a registration session at Norfolk, and that the registrars refused to hold such a session. The single justice ordered the registrars to hold the registration session at Norfolk on or before October 5, 1976, and, in connection therewith, to comply with all the requirements of G. L. c. 51, § 42B. However, he found that the complaint did not raise for determination any issue concerning the eligibility of any inmate at Norfolk to register or be registered to vote, and by his entry of judgment, he intimated no opinion as to such an issue.

Pursuant to the order, the registrars held voter registration sessions at Norfolk on October 4 and 5, 1976, at which six hundred twenty-one inmates completed affidavits of registration. Each affiant listed as his residence the address of the correctional institution. After completing the affidavits, the affiants were asked a series of questions concerning sentence, prior residences, prior registration to vote, marital status and parole eligibility. Some of the affiants answered the questions propounded by the registrars and others refused to answer the questions. Two of the affiants, not parties to the present suit, were held by the registrars to be qualified voters and were registered because they were domiciled in the town at the time their sentences were imposed. The registrars determined that each of the remaining six hundred nineteen prospective registrants did not meet the qualifications for registration due to the registrars' finding that none was domiciled within the town.

On October 5, 1976, the inmates filed an amended complaint with the single justice, who informed the inmates that he would treat the amended complaint as a new action and would transfer the case to the Superior Court. Thereafter, the inmates filed the amended complaint as a new action in the Superior Court seeking both injunctive and declaratory relief with respect to their alleged right to be registered as voters in the town. The inmates sought prelim-

inary relief enjoining the registrars from (1) failing to place in their files those affidavits which established on their face that the affiants were qualified voters in the town, and (2) failing to add to the current annual register the names of those persons whose affidavits established on their face that they were entitled to be registered in the town. After a hearing on October 5, 1976, a judge of the Superior Court issued a temporary restraining order granting relief as requested by the inmates, and scheduled a hearing on the preliminary injunction for October 14, 1976. On that date, the inmates were certified as a class, a stipulation of the facts was filed, and argument was heard on the parties' cross-motions for summary judgment.

On October 21, 1976, the Superior Court judge allowed the registrars' motion for summary judgment and vacated the temporary restraining order previously entered. On October 25, 1976, final judgment was entered. The judge entered judgment to the effect that the inmates were not residents of the town and were not domiciled in the town and, consequently, that they were not entitled to be registered as voters of the town. The judgment also directed that the names of any inmates registered pursuant to any previous order of the court be expunged from the voting records. The inmates then filed a motion for a stay of execution of the judgment, which was denied. On October 26, 1976, the inmates filed a new motion in the county court for a stay of execution, or, in the alternative, for an order restoring injunctive relief. That proceeding was transferred to the Appeals Court, where the motion was denied after a hearing by a single justice. The inmates appealed from that denial and filed a motion to convene the full bench of the Appeals Court for an emergency session. That motion was denied. On November 1, 1976, the inmates again filed in the county court a motion for a stay of execution, or, for an order restoring injunctive relief. After hearing, that motion also was denied.

A notice of appeal from the judgment of the Superior Court was filed by the inmates on October 25, 1976, and

entered in the Appeals Court. On application, we granted direct appellate review. G. L. c. 211A, § 10 (A). There is before us the judge's Memorandum of Decision and Order for Judgment on the cross-motions for summary judgment, an affidavit by one of the registrars, and the exhibits.

In his Memorandum of Decision, the Superior Court judge found it well established that the meaning of the word "residence," with respect to voting rights, meant domicil. Thus, the judge considered the basic question for determination as being whether the inmates were domiciled in the town at the time of their application for registration. Even though the meaning of domicil had undergone modifications in recent years, the judge found it still to involve fundamentally the concept of physical presence coupled with an intention to make the place of one's presence one's "home for the time at least." See *Hershkoff* v. *Registrars of Voters of Worcester*, 366 Mass. 570, 576-577 (1974).

In response to the inmates' argument that the registrars were required to accept at face value and without question the affidavits at registration, the judge ruled that by virtue of G. L. c. 51, § 47, the registrars could decline to accept the affidavits at the time of registration if it appeared to them from the facts set forth therein that the applicants were not qualified to vote. Since it was obvious to the registrars that the residence address in each inmate's affidavit was that of the penal institution, the judge noted that the incarceration by legal compulsion and physical force created a strong presumption that the inmates were not domiciled in the town. The judge ruled that it was thus not improper in the circumstances for the registrars at the time of registration to propound the questions to the inmates in order to shed more light on the question of each applicant's domicil.

1. *Certification of the class.* We view the certification of the plaintiff inmates as a class to have been proper, and see it in a different light from the allowance of the class action against the defendant inmates of M.C.I. Concord in *Dane* v. *Registrars of Voters of Concord, ante,* 152 (1978), de-

cided this day. While in *Dane* we found that there were questions of fact at issue concerning each inmate's domicil which could not be common to all of the inmates who sought to be registered, *id.* at 160, we think here that the predominant question presented by the plaintiff inmates was one of law, common to all. The main argument raised below by the inmates contesting the decision of the registrars not to register them was that their completed affidavits of registration established on their face that they were qualified voters, residing in the town, and thus entitled to be placed on the voting rolls of the town. The common question of law raised by such an assertion predominates over those questions affecting only individuals (i.e., separate factors of residence and domicil), which have not been raised by the inmates. Thus, in contrast to our decision in *Dane*, we conclude the certification of the plaintiffs as a class was warranted in this case.

2. *Proof of domicil.* In view of our opinion in *Dane* v. *Registrars of Voters of Concord, ante,* 152 (1978), we affirm the judgment of the Superior Court holding that by virtue of G. L. c. 51, § 47, the registrars were authorized to decline to accept the affidavits of registration if it appeared to them from the facts set forth and from further questions asked that the applicants were not qualified to be registered as voters. As discussed in *Dane,* it was not improper for the registrars pursuant to G. L. c. 51, §§ 47, 48, and 49, to propound to each inmate questions concerning his sentence and subsequent transfer to Norfolk, previous residence, prior voting registration, application for absentee ballot, residency of spouse, residency of parents, and eligibility for parole, in order to shed more light on the question of the applicant's domicil.

*Judgment affirmed.*