Xifaras, J.
Plaintiffs seek class certification under Mass.R.Civ.P. 23 (“Rule 23”) in this action to permanently enjoin enforcement of the registration and notification provisions of G.L.c. 6, §§172C-172P (as amended September 10, 1999),[4] An Act Improving the Sex Offender Registry and Establishing Civil Commitment and Community Parole Supervision For Life For Sex Offenders (the “Act”).[5] For the reasons stated below, plaintiffs’ motion for class certification is ALLOWED.
BACKGROUND
The named plaintiffs are sex offenders, as defined by the Act. A sex offender is a person
*219 who resides or works in the commonwealth and who has been convicted of a sex offense or who has been adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense or a person released from incarceration or parole or probation supervision or custody with the department of youth services for such a conviction or adjudication or a person who has been adjudicated a sexually dangerous person under section 14 of chapter 123A, as in force at the time of adjudication, or a person released from civil commitment pursuant to section 9 of chapter 123A, whichever last occurs, on or after August 1, 1981.
G.L.c. 6, §178C.
Plaintiff Richard Roe was convicted of rape and abuse of a child in 1985. He is not currently confined, on probation or on parole. Plaintiff David Doe was convicted of assault with intent to rape in 1978. He is not in custody, on probation or parole. Plaintiff Vincent Voe was convicted of rape of a child in 1996. He is currently on probation. Plaintiff Phillip Poe was convicted of aggravated rape in 1992 and is currently incarcerated. Plaintiff Larry Loe was convicted of rape and indecent assault and battery in March 1999, and is currently incarcerated.
At some point in the future, as required by the Act, the Sex Offender Registry Board (the “Board”) will assign the plaintiffs a threat level classification number ranging from one to three. §178K. Those classified as level one offenders are said to pose a low risk of reoffending. Level two offenders are considered at moderate risk to reoffend. And level three offenders are those who pose a high risk of reoffending. The Board must assign a threat level classification number to the commonwealth’s 13,000 to 16,000 sex offenders, including plaintiffs.[6]
Prior to receiving a threat level classification number, sex offenders are required to provide their name, home address and work address to the Board. The Board publishes a mail-in registration card for this purpose. The Board will then use the registration data to communicate with the offender, to solicit information from offenders prior to assigning a threat level and to notify the offender of the threat level when assigned. See §178L. The Board will also provide the registration data to the Federal Bureau of Investigations (the “FBI”) for national distribution in accordance with the Jacob Wetter ling Crimes against Children and Sexually Violent Offender Registration Act, 42 U.S.C. section 14071. See §178E.
DISCUSSION
Plaintiffs assert that the Acts’s registration and notification requirements impinge upon a protected liberty interest and trigger the due process protection guaranteed by the Fourteenth Amendment, and art. 12 of the Massachusetts Declaration of Rights. They argue that prior to registration, the Commonwealth must provide offenders with a hearing to determine whether they pose a current threat to children or other vulnerable people. Plaintiffs contend that only those offenders shown to pose a threat must register.[7]
The Plaintiffs argue that class certification is appropriate because all those required to register have an identical constitutional challenge to registration. They argue that class action is an efficient and equitable means of addressing these thousands of comparable claims.
The defendants argue against class certification. Defendants contend that the issues raised by the class representatives are not sufficiently “typical” of the entire class, and the named plaintiffs cannot adequately represent the interests of the remaining class members as required by Mass.R.Civ.P. 23.
In Massachusetts, class certification occurs only when plaintiffs satisfy the statutory requirements. Mass.R.Civ.P. 23. Plaintiffs wishing class certification must show: (1) joinder is impracticable due to the large number of plaintiffs; (2) questions of law and fact common to all class members; (3) the claims and defenses of the class representatives are typical of those of the remaining class members; and (4) the representative parties fairly and adequately represent the interest of the class. Mass.R.Civ.P. 23(a). In addition, (1) the court must find that questions of law and fact common to the class predominate over any question affecting only individual members, and (2) the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Mass.R.Civ.P. 23(b).
The first requirement of class certification, numerosify, is satisfied. There are between 13,000 and 16,000 people presently required to register as sex offenders. This class grows daily and is too large to make joinder a practical litigation option. The second requirement of class certification, commonality of facts and law, is satisfied as well. There are no facts in dispute. The entire matter is a question of law. The common legal question, whether offenders are entitled to a preregistration hearing, is properly raised by all under a present duty to register with the Board.
The third requirement of class certification, typicality, is satisfied also. The test for assessing typicality is deciding whether a named class representative’s claim is similar enough to the absent class members’ claim so that, in the process of adjudicating the former, the court will necessarily be presented with all the facts and legal arguments required to adjudicate the latter claims. The Reporter’s Notes to the rule make it clear that the standard is not complete identity in all respects; some differences between the representative’s claim and those of the class members is tolerated. See Reporters’ Notes to Mass.R.Civ.P. 23. The class representatives’ claims are typical of the class as a whole in that all class members are under a present duty to register, and each has a due process challenge *220 to doing so. In this respect, there is a perfect fit between the named plaintiffs and the remaining members of the class.
Defendants argue lack of typicality as the primary reason weighing against class certification. Defendants argue that the plaintiffs were convicted of a variety of offenses, and none are eligible for relief from future annual registration under G.L.c. 6, §§178E(e), 178E(f), 178G or 178K(2)(d) of the Act, the various means through which some sex offenders may one day petition or be deemed free from further registration. Defendant reasons that those individuals who can take advantage of the above referenced provisions do not share the class representatives’ due process claim. Defendant contends that those class members who qualify for relief under the above referenced portions of §178 enjoy a higher level of due process protection than do the named class representatives, and therefore should not be included in the class, if one is certified.
Defendants’ argument is unpersuasive. The entire class is under a present duty to register. It is that common issue, the claim for due process prior to registration, that defines the class. That some presently required to register have various means of avoiding subsequent annual registrations does not diminish that common issue. There is typicality between the named plaintiffs’ claims and those of the remaining class members because the litigation of the named plaintiffs claims will necessarily address the facts and law necessary to litigate those of the class as a whole. In adjudicating the named plaintiffs’ claims, the court will necessarily be presented with all the facts and legal arguments required to adjudicate the claims of those with recourse through future relief under §178. That the plaintiffs are not all identically situated within the Act’s registration provisions is not inconsistent with class certification.
There are three components of the last requirement of Rule 23, adequacy of representation. The court must: (1) examine the interests and abilities of the representative class members and their incentive to litigate the case; (2) examine the interests and abilities of the lawyers, and their incentive to litigate the case; and (3) insure that the representative class members and counsel are seeking the ultimate outcome or relief which would be desired by the class members. James W. Smith & Hiller B. Zobel, Rules Practice §23.7 at 99-100 (1975).
This court is satisfied that plaintiffs and their attorneys adequately represent the class interests. There is no cause to doubt the interests or abilities of the named class plaintiffs. Defendants, however, argue that plaintiffs’ counsel cannot adequately represent the class because they are statutorily prohibited from appearing in this action. That issue is moot.[8] Finally, the court has no cause to doubt that the class as a whole would desire the relief sought: the ability to elect an evidentiary hearing prior to registration. The fourth requirement of class certification is satisfied.
Once satisfied that the first four requirements of Rule 23 are met, two issues remain. The court must determine that (1) common questions predominate over individual ones, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Mass.R.Civ.P. 23(b).
Plaintiffs satisfy the predominance requirement. Ramos v. Board of Registrars of Voters of Norfolk, 374 Mass. 176 (1978), illustrates the point. In Ramos, supra, 621 prison inmates sued to have their names put on the voting rolls. The court certified the class over defendants’ objection that the class members had individual residentiary issues that mitigate against issue predominance. The court certified the class because “Common questions of law . . . predominate over those affecting only individuals (i.e., separate factors of residence and domicile), which have not been raised by the inmates.” Id. at 180 (emphasis added). This challenge to the Act’s registration requirement presents common questions of law. When common legal questions predominate individual issues separating the plaintiffs one from the other class certification is appropriate.
Finally, plaintiffs satisfy the requirement that a class action is superior to other forms of litigation. The facts of this case are comparable to those of Sniffin v. Prudential Ins. Co., 11 Mass.App.Ct. 714 (1981). In Sniffin the court reversed a lower court ruling denying class certification. Sniffin, supra, at 725. Plaintiffs were tenants of 781 rent controlled apartments in one complex who challenged across the board rent increases. Sniffin, supra, at 714. The court considered class action an “efficient and effective use of judicial resources,” and noted that by proceeding as a class, “all controlled units will be treated alike." Sniffin, supra, at 724. The court concluded that since the common issues strongly predominated, individual actions would be ineffective and potentially produce unfairly inconsistent results. Id. The reasoning of Sniffin applies to the present case making class action the superior means of litigating a due process challenge to the Act.
ORDER
For the forgoing reasons, plaintiffs’ motion for class certification is ALLOWED.

As inserted by St. 1999, c. 74.

On November 5, 1999, this court issued a temporary injunction staying the Act's registration and notification provisions [11 Mass. L. Rptr 148].

More properly, the Board must assign a threat level classification level, or determine that the offender is not a present threat of reoffending. Some offenders, but not all, determined to pose no future risk of reoffending may be freed from the duty to register. Registration is mandatory if: a sex offender has been determined to be a sexually violent predator; has been convicted of two or more sex offenses defined as sex offenses pursuant to the Jacob Wetterling Crimes against Children and Sexually Violent Offender Registration Act, 42 U.S.C. section 14071, committed on different occasions; or has been convicted of a sexually violent offense. Also, an offender may not avoid registration if convicted of a sex offense involving a child or a sexually violent offense, and such offender has not already registered pursuant to the Act for at least ten years, or if the sex offender is otherwise subject to lifetime or minimum registration requirements as determined by the board pursuant to section 178D. §178K(2)(d). The Act is silent on the matter of assigning a threat level in the case of individuals who do not pose a current threat, but who nevertheless must register.

See Doe v. Attorney General, 430 Mass. 155 (1999) (“Doe (No. 5)”); Doe v. Sex Offender Registry Board, 428 Mass. 90 (1998) (“Doe (No. 4)"); Doe v. Attorney General, 426 Mass. 136 (1997) (“Doe (No. 3)”).

I have previously ruled that Plaintiffs’ counsel are not disqualified from appearing in this matter. See, Memorandum Decision and Order On Defendants' Motion to Disqualify of November 24, 1999 [11 Mass. L. Rptr. No. 10, 221 (April 10, 2000)].