Robert G. DELANEY, individually and on behalf of a class of purchasers of Borden "Insulspray" urea formaldehyde foam insulation, residing within the Commonwealth of Pennsylvania,

v.

BORDEN, INC.

Civ. A. No. 82–1853.

United States District Court,
E.D. Pennsylvania.

July 29, 1983.

David S. Shrager, Philadelphia, Pa., for plaintiff.

William P. Richmond, Michael W. Davis, Thomas F. Bush, Jr., Sidley & Austin, Chicago, Ill., Edward C. Mengel, Jr., Thomas Ziomek, White & Williams, Philadelphia, Pa., for defendant.

MEMORANDUM—ORDER

TROUTMAN, District Judge.

■ In moving for class certification the burden rests upon plaintiffs to overcome the numerous decisions which hold that certification is rarely appropriate in mass tort actions, "especially" those involving misconduct by one or more defendants over an extended period of time. *See, e.g., Abed v. A.H. Robins Co.,* 693 F.2d 847, 852 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 817, 73 L.Ed.2d 1015 (1983). We do not, however, base our conclusion upon any numerical preponderance among the decided cases which appears to favor defendant. Rather, our decision is grounded in the logic, reasoning and legal analysis of those cases which have generally denied class certification in "mass tort" products liability actions. *Id.*

■ The highly individualized nature of plaintiff's claims would present insurmountable problems if this action were maintained as a class. Specifically, varying factual issues: representations made and purportedly relied upon by individual purchasers of urea formaldehyde insulation; the conduct of intermediary installers and the inherent problems of establishing causation all counsel against certification. Differing legal issues also present questions which admit to neither facile nor proper resolution through the class action device. *Id.* Finally, the requested monetary relief for personal injury and property damage underscores our conclusion that certification is inappropriate. *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 466 (9th Cir.1973); *Harrigan v. United States,* 63 F.R.D. 402, 406 (E.D.Pa.1974).

This conclusion is in accord with our prior ruling in the somewhat analogous case of *Kohr v. Johns-Manville Corp.,* No. 78–3942 (E.D.Pa. September 5, 1979) (order denying class certification in case involving an as-

bestos insulation worker), and is consistent with the decision reached by every federal and state court which has considered the issue at bar. *See, O'Connor v. Borden, Inc.,* No. 80–4201 (D.S.D. September 30, 1982); *Baker v. Washington Natural Gas,* No. 82–2–04261–7 (Wash.Super.Ct., King County, February 22, 1983); *McCullough v. Borden, Inc.,* Civ. No. 82–2–09932–5 (Wash. Super. Ct., King County, February 22, 1983); *Flury v. Borden Chemical,* No. 39659 (Ohio C.P., Cuyahoga Co., January 18, 1983); *Shomber v. Borden, Inc.,* No. 80–CV–11–6086 (Ohio C.P., Franklin Co., November 5, 1982), *aff'd mem.,* No. 82–AP–1051 (10th App. Dist. of Ohio, April 21, 1983); *Antoncich v. Borden, Inc.,* No. 81–2–00727–9 (Wash.Super.Ct., King County, February 23, 1982).

An appropriate order shall issue.

### ORDER
AND NOW, this 29th day of July, 1983, IT IS ORDERED that plaintiff's motion for class certification is DENIED.