BETH E. FLETCHER & others[1] *vs.* CAPE COD GAS COMPANY
& another.[2]

Barnstable. January 7, 1985. — April 18, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil*, Class action. *Consumer Protection Act*, Class action.

Unlike the corresponding Federal rule, neither Mass. R. Civ. P. 23 nor
G. L. c. 93A, § 9 (2), permits individual members of a class to request
exclusion from a certified class action or provides for certification of a
class for the purpose of deciding limited common issues. [601-602]

In an action by plaintiffs claiming property damage and personal injuries as a
result of the defendants' sale and installation of urea-formaldehyde
foamed-in-place insulation in the plaintiffs' homes, the judge did not
abuse his discretion in refusing to certify a class action on the ground
that the plaintiffs had not satisfied the requirements of Mass. R. Civ.
P. 23 (b) that common issues predominate over individual ones and that
the class action be superior to other available methods of litigation.
[602-604]

A judge acting on a motion for certification of a class action under
G. L. c. 93A, § 9 (2), is not restricted to considering the factors set
forth in Mass. R. Civ. P. 23 (a), nor is he bound by decisions under
rule 23 interpreting those factors. [604-606]

A judge did not abuse his discretion in refusing to certify a class action on
the ground that the certification requirements of G. L. c. 93A, § 9 (2),
were not satisfied, even though he had earlier ruled that the prerequisites
for certification found in Mass. R. Civ. P. 23 (a) had been met. [604-606]

CIVIL ACTION commenced in the Superior Court Department
on November 5, 1981.

---

[1] Warren L. Fletcher, III; Samantha Fletcher; John P. Sigsbee; Dorothy
B. Sigsbee; Jane J. White; Mercer V. White, III; Susan J. Pfrommer; John
H. Pfrommer; Julia G. Pfrommer; Ralph H. Dumas; Julia K. Dumas; Nor-
man F. McDonah; and Althea G. McDonah. Marilyn and Sherman Cohen,
interveners.

[2] MEAK, Inc.

A motion for class certification was heard by *George Jacobs*, J., and the matter was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Paul J. Driscoll (Neal Quenzer* with him) for Beth E. Fletcher & others.

*Scott P. Lewis (Molly H. Sherden* with him) for Cape Cod Gas Company.

*Andre A. Sansoucy (Richard L. Neumeier & Richard E. Powers* with him) for MEAK, Inc.

NOLAN, J. The questions before us arise out of litigation related to the installation of urea-formaldehyde foamed-in-place insulation (UFFI) into a number of homes in the Cape Cod area during the years 1977 through 1979. The plaintiffs sought class certification of their action, pursuant to Mass. R. Civ. P. 23, 365 Mass. 767 (1974), and G. L. c. 93A, § 9 (2). A judge of the Superior Court refused to certify the suit as a class action. We granted direct appellate review to consider the two questions that he subsequently reported to the Appeals Court:

"1. Whether the trial court erred in denying plaintiffs' Motion for Class Certification under Rule 23 of the Massachusetts Rules of Civil Procedure?

"2. Whether the trial court erred in denying plaintiffs' Motion for Class Certification under Massachusetts General Laws, Chapter 93A, Section 9 (2)?" For the reasons set forth below, we answer "No" to both questions.

The plaintiffs, fourteen individuals, filed suit against the defendants, Cape Cod Gas Company (Cape Cod Gas), and MEAK, Inc., claiming that they have suffered personal injuries and property damage as a result of the defendants' sale and installation of UFFI in homes owned or occupied by the plaintiffs. The complaint, as amended, contains counts against each defendant alleging negligence, breach of express and implied warranties, and violation of the consumer protection law, G. L. c. 93A. The plaintiffs also assert claims against Cape Cod Gas for deceit and breach of contract.

The plaintiffs asked the judge to certify the case as a class action and to establish two classes of plaintiffs: (1) "All persons who have purchased UFFI from Cape Cod Gas Company and had it installed in their homes by MEAK, Inc." (2) "All persons who have not purchased UFFI from Cape Cod Gas Company, but who are members of the family units of the purchasers defined in Class No. 1, and who claim to have suffered some loss or injury due to exposure to UFFI." The Superior Court judge conducted a hearing on the plaintiffs' motion for class certification. After considering relevant factual materials submitted by the parties, he issued a memorandum of decision and an order denying the motion.

With respect to what he termed the plaintiffs' "common law claims,"[3] the judge considered whether the plaintiffs had demonstrated that the requirements of Mass. R. Civ. P. 23 were satisfied.[4] He ruled that the plaintiffs had sustained their burden with regard to the prerequisites of rule 23 (a): namely numerosity, commonality, typicality, and fairness and adequacy of representation. He decided, however, that the plaintiffs were not entitled to maintain a class action under rule 23 because the requirements of rule 23 (b) were not met. The judge was not satisfied that "the questions of law or fact common to the members of the class predominate over any questions affecting only [individual] members, and that a class action is superior to other

---

[3] The judge used this term with reference to the plaintiffs' negligence, deceit, contract, and statutory warranty claims.

[4] Massachusetts Rule of Civil Procedure 23 provides as follows:

"(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23 (a) and (b), 365 Mass. 767 (1974).

available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23 (b). The plaintiffs, for reasons discussed more fully below, contend that the judge erred in ruling that the requirements of rule 23 (b) were not satisfied, and that, therefore, he was in error in refusing to permit certification under rule 23.

In ruling on the plaintiffs' motion to have their action under G. L. c. 93A proceed as a class action, the judge viewed the requirements of rule 23 (a) to be "explicitly and implicitly included in §9 (2)" and "apparently merged with the similarity requirements of that section." He reiterated his ruling that the rule 23 (a) requirements were satisfied in considering certification under § 9 (2). He ruled, however, that the plaintiffs were not entitled to maintain a class action under § 9 (2).[5] The judge posited that one or all of the following reasons justified his conclusion: (1) G. L. c. 93A, § 9 (2), should not be construed as applicable to conventional products liability litigation; (2) the facts of the case and the limitations of § 9 (2) together preclude certification; and (3) class certification of the plaintiffs' claims under G. L. c. 93A would be fundamentally unfair to the absent members. The plaintiffs argue that the judge erred in refusing to grant certification under § 9 (2) because the only requirements for the maintenance of a class action under that statute are those contained in Mass. R. Civ. P. 23 (a), which he explicitly found to have been satisfied.

---

[5] General Laws c. 93A, § 9 (2), governs the certification of a class action under the consumer protection law. The relevant portion states:

"(2) Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons; the court shall require that notice of such action be given to unnamed petitioners in the most effective practicable manner. Such action shall not be dismissed, settled or compromised without the approval of the court, and notice of any proposed dismissal, settlement or compromise shall be given to all members of the class of petitioners in such manner as the court directs." G. L. c. 93A, § 9 (2), as amended through St. 1979, c. 406, §§ 1, 2.

1. *Factual background.* We summarize the facts which relate to the questions before us.[6] In 1976, Cape Cod Gas established an "insulation program." One aspect of that program involved promoting the use of insulation in residential and commercial buildings in an effort to encourage energy conservation. In connection with the program, Cape Cod Gas began to promote the sale of urea-formaldehyde foamed-in-place insulation (UFFI), beginning around late 1976 or early 1977. UFFI consists of urea, formaldehyde, and a surfactant or foaming agent. At an installation site, the urea-formaldehyde resin and the foaming agent are combined with air before the UFFI is installed. Cape Cod Gas commenced selling UFFI in January, 1977, and last sold UFFI in the fall of 1979, prior to the time that all sales of UFFI were banned in the Commonwealth.[7]

MEAK was incorporated on January 1, 1977, to carry on the business of home and building insulation. MEAK, which no longer conducts daily business activities, performed the bulk of its insulation work for Cape Cod Gas insulation customers. MEAK installed UFFI in the homes and commercial establishments of approximately 390 Cape Cod Gas insulation customers.

Cape Cod Gas utilized several salesmen in the course of its insulation program. Some of the UFFI salesmen were full-time employees of Cape Cod Gas, who also performed other sales duties for their employer. The other UFFI salesmen were employed on a part-time basis by MEAK, and paid on a commission only basis. In the usual course of a UFFI sales transaction involving Cape Cod Gas and MEAK, the customer purchased UFFI from Cape Cod Gas pursuant to a retail instalment sale agreement, which was prepared by the salesman and signed

---

[6] The parties stipulated to a set of facts solely for the purpose of determining the class certification issues. In ruling on the motion, the judge considered the stipulated facts, as well as the pleadings and other materials submitted by the parties.

[7] See *Borden, Inc.* v. *Commissioner of Public Health*, 388 Mass. 707, cert. denied sub nom. *Formaldehyde Inst., Inc.* v. *Frechette*, 104 S. Ct. 345 (1983) (upholding regulations promulgated by the Commissioner of Public Health banning the sale of UFFI and requiring its repurchase under certain circumstances).

by the customer. After any necessary credit approval, Cape Cod Gas transmitted a purchase order to MEAK, authorizing MEAK to install the UFFI, and providing information on a "sketch sheet" pertaining to square footage and placement of the insulation. A MEAK employee then prepared a work order, and MEAK installers performed the actual installation. UFFI purchasers made payment directly to Cape Cod Gas, and Cape Cod Gas paid MEAK for the installation services.

2. *The plaintiffs' allegations.* The plaintiffs assert that the UFFI sold to them by Cape Cod Gas, and installed in their homes by MEAK, is defective, dangerous to human health, and carcinogenic. They claim to have suffered various forms of physical and emotional injury, and also seek to recover damages related to their exposure to an increased risk of future injury. In addition, the plaintiffs allege economic damages, including loss of the contract price they paid to purchase UFFI and have it installed, the cost of having the UFFI removed and replaced with safe insulation, and the diminution of the value of their homes attributable to the presence of UFFI.

The plaintiffs suggest a number of grounds for the imposition of liability upon Cape Cod Gas for their damages, including negligence, breach of warranty, breach of contract, fraud and deceit theories. They also invoke the Massachusetts consumer protection statute, G. L. c. 93A. Their contentions in support of these theories include charges that Cape Cod Gas knew or should have known that UFFI was defective, dangerous, and carcinogenic before the company sold it, and that Cape Cod Gas failed to test the product before marketing it, and to warn customers of the dangers associated with UFFI. The plaintiffs further allege that Cape Cod Gas failed to make proper inquiry into the health status of potential UFFI purchasers; violated warranties with respect to its ability to install UFFI properly; acted negligently in investigating, selling and installing UFFI; violated its contractual obligations with its customers, including its obligation to act in good faith; and misrepresented the true nature and quality of the UFFI.

The plaintiffs present similar allegations in support of their claims against MEAK. Furthermore, they contend that MEAK

adopted the representations made by Cape Cod Gas with respect to the nature of UFFI, and made its own misrepresentations regarding the nature of UFFI and its own experience, training and ability to install UFFI properly.

3. *Certification under Mass. R. Civ. P. 23.* As noted above, the judge expressly found that the requirements set forth in rule 23 (a) had been met. The parties do not dispute the propriety of this ruling. The plaintiffs challenge the judge's refusal to certify a class action under rule 23 on the ground that he erred in ruling that the plaintiffs did not demonstrate that the predominance and superiority requirements of rule 23 (b) had been met. There was no error.

In seeking class certification of their claims under rule 23, the plaintiffs bore the burden of establishing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23 (b). See *Daye* v. *Pennsylvania*, 344 F. Supp. 1337, 1342 (E.D. Pa. 1972), aff'd, 483 F.2d 294 (3d Cir. 1973), cert. denied sub nom. *Meyers* v. *Pennsylvania*, 416 U.S. 946 (1974) (construing parallel provision of Fed. R. Civ. P. 23). We consider whether the judge abused his discretion in deciding that the plaintiffs did not satisfy their burden of proof on this issue. See *Baldassari* v. *Public Fin. Trust*, 369 Mass. 33, 40 (1975) (predominance and superiority requirements of rule 23 "introduce a highly discretionary element"). "Whether action within the discretion of the court shall be taken or not 'is ordinarily . . . a question of fact whether, under the rules of law and the established principles of practice, having regard to the rights and interests of all parties, justice and equity require' the action in question." *Long* v. *George*, 296 Mass. 574, 578 (1937), quoting *Scituate Water Co.* v. *Simmons*, 167 Mass. 313, 314 (1897). However, an error in ruling that no discretion exists constitutes an error of law. *Long, supra* at 578.

The plaintiffs contend that the judge's ruling on the rule 23 (b) requirements was premised upon his erroneous view that, under rule 23, absentee members of the class would not be

permitted to request exclusion from the suit, and that certification of a class for the purpose of determining limited issues common to the class would not be possible. They argue that this interpretation of rule 23 constituted an error of law, and resulted in the judge's improperly restricting his own discretion. In his memorandum of decision, the judge expressed his view that, under our rule 23, members of a class would not have the option to request exclusion from class action litigation. This view is correct.

There are no provisions in our rule 23 or § 9 (2) which would permit a judge to allow individual parties to "opt out" of a class action. Moreover, the Reporters' Notes to rule 23 (c) state that "[u]nlike Federal Rule 23, the Massachusetts class action rule does not . . . provide to members of the class the opportunity to exclude themselves." Reporters' Notes to Mass. R. Civ. P. 23 (e), Mass. Ann. Laws, Rules of Civil Procedure at 525 (1982). In *Globe Newspaper Co.* v. *Boston Retirement Bd.,* 388 Mass. 427, 432-433 (1983), we noted that "[i]f the language of a statute differs in material respects from a previously enacted analogous Federal statute which the Legislature appears to have considered, a decision to reject the legal standards embodied or implicit in the Federal statute may be inferred." We decline, therefore, to construe either the rule or the statute to permit parties to request exclusion from the class.

The plaintiffs claim that the judge's view that he did not possess the right to certify a class action for the purpose of deciding limited common issues resulted in an error of law which tainted the exercise of his discretion. The argument is without merit.

Neither rule 23 nor § 9 (2) contains a limited issue provision similar to that set forth in Fed. R. Civ. P. 23 (c). In *Baldassari,* we noted that both rule 23 and § 9 (2) were "written in the light" of the Federal rule. *Baldassari, supra,* at 40. We are unwilling to read into either the rule or the statute the authority for issue certification expressly provided by the drafters of the Federal rule.

We find no abuse of discretion in the judge's decision that the predominance and superiority requirements of rule 23 (b) were not met. The plaintiffs have identified a number of issues which they assert are common questions of law or fact. The questions of law they cite involve such issues as standing, application of statutes of limitations and our fraudulent concealment statute, G. L. c. 260, § 12, issue preclusion in connection with our decision in *Borden, Inc.* v. *Commissioner of Pub. Health*, 388 Mass. 707, cert. denied sub nom. *Formaldehyde Inst., Inc.* v. *Frechette*, 464 U.S. 936 (1983), and the Massachusetts law with respect to the duty of care owed by the seller of a latently dangerous product to its purchasers. The factual questions which the plaintiffs characterize as common include the following: (1) What was the nature of the UFFI sold by Cape Cod Gas and installed by MEAK? (2) What did each defendant know about UFFI, and when did they know it? (3) What decisions were made, and what actions were taken, by each defendant, during and subsequent to the insulation program?

We agree with the judge below that, assuming the validity and relevancy of the asserted questions of law, their resolution requires no proof, and therefore does not weigh heavily in the predominance assessment. The record also supports his conclusion that the individual questions of liability, damage, and injury clearly predominate. As he noted, "questions relating to proximate cause of specific injuries, levels and sources of formaldehyde, installation mechanics, knowledge of defect or danger, adoption of representations, reliance upon misrepresentations, and time of discovery all require individualized proof."

We recognize that in some instances even one common question of law or fact may be found to predominate over individual questions so as to warrant certification of a class action. See *Ramos* v. *Registrars of Voters of Norfolk*, 374 Mass. 176, 179-180 (1978). This is not such a case. "Although common questions need not be dispositive of the entire class action, . . . their resolution should at least provide a definite signal of the beginning of the end" (citation omitted). *Mertens* v. *Abbott Laboratories*, 99 F.R.D. 38, 41 (D.N.H. 1983).

Certainly, the issue of liability could not be decided on a class wide basis. "[A] per se rule that [UFFI] causes injury could not possibly result in a per se rule of liability." *Mertens, supra* at 41.

The judge's conclusion that a class action would not be superior to individual adjudication of claims similarly was warranted. It is evident from the record that he would have been warranted in finding that a class action would neither advance the parties' interests nor aid economy of judicial administration.[8]

The judge's refusal to certify this class action was in accord with several decisions from other jurisdictions on this issue. See *Caruso* v. *Celsius Insulation Resources, Inc.,* 101 F.R.D. 530 (M.D. Pa. 1984). See also *Sanders* v. *Tailored Chem. Corp.,* 570 F. Supp. 1543, 1544 (E.D. Pa. 1983) (listing decisions in which class certification of UFFI suit was denied). These courts reached the same result as we do today on similar grounds. The individual nature of the UFFI plaintiffs' claims uniformly has been found to predominate over any issues of fact or law common to any defined class. *Caruso, supra* at 536. We conclude that there was no error in the judge's refusal to certify the plaintiffs' common law claims under rule 23.

*4. Certification under G. L. c. 93A, § 9 (2).* The plaintiffs argue that the judge did not possess the discretion to deny their motion for class certification under G. L. c. 93A, § 9 (2), once he had determined that the plaintiffs' claims satisfied the requirements of numerosity, commonality, typicality, and fair-

---

[8] The Advisory Committee Note to the 1966 Revision of Fed. R. Civ. P. 23 (b) (3) supports this conclusion. The Committee stated that: "A 'mass accident' resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses of liability, would be present, affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple law-suits separately tried." Advisory Committee Notes to 1966 Revision, Fed. R. Civ. P. 23 (b) (3), 28 U.S.C. (1982). The usefulness of the class action mechanism is even less apparent in cases, such as the one before us, which involve allegations of misconduct by one or more defendants over an extended period of time. See *Sanders* v. *Tailored Chem. Corp.,* 570 F. Supp. 1543, 1543 (E.D. Pa. 1983).

ness and adequacy of representation. They note that c. 93A, § 9 (2), in contrast to Mass. R. Civ. P. 23, does not provide that a judge must find that the common issues predominate over individual ones, or that the class action is superior to other available methods of litigation. Relying upon this court's decision in *Baldassari* v. *Public Fin. Trust*, 369 Mass. 33 (1975), the plaintiffs contend that the judge was required to certify the case as a class action under this statute.

In *Baldassari*, we observed that § 9 (2) explicitly requires that a class be "numerous" and that the named plaintiff be one who "adequately and fairly represents" it. *Baldassari, supra* at 40. We stated further that § 9 (2) implicitly requires that the additional requirements of rule 23 (a), commonality and typicality, be satisfied before a class is certified. Noting that the statute does not contain the predominance or superiority requirements found in rule 23, we recognized that § 9 (2) has "a more mandatory tone" than the rule.

The judge in the case before us read *Baldassari* to equate the similarity requirements of § 9 (2) with the requirements of rule 23 (a). He stated, however, that he did not interpret our opinion in that case as eliminating all discretionary elements in the decisional process under § 9 (2). We disagree with the judge's reasoning with respect to the proposition that the similarity requirements of § 9 (2) exactly parallel those found in rule 23 (a).

We recognize that the rule 23 (a) requirements provide a useful framework for an analysis under § 9 (2). However, we cannot say that a finding that the plaintiffs satisfied each of these four elements with respect to certification under rule 23 automatically entitles them to certification under § 9 (2). A judge does possess a degree of discretion in determining whether certain plaintiffs adequately have alleged that they are "similarly situated" and have suffered a "similar injury" as members of the class they seek to represent. In exercising this discretion, however, a judge must bear in mind that our consumer protection statute "was designed to meet a pressing need for an effective private remedy" for consumers, and that "traditional technicalities are not to be read into the statute in such a

way as to impede the accomplishment of substantial justice."
*Baldassari, supra* at 40-41.

The memorandum of decision in the case before us reflects
the judge's opinion that the similarity requirements of § 9 (2)
were not satisfied. He noted that the plaintiffs' c. 93A claims
"obviously do not lend themselves to being adjudicated entirely
on a representative basis." Furthermore, in ruling on the typ-
icality requirement of rule 23 (a), the judge expressed concern
that the "case has considerable potential for the development
of different incentives among class members and for the
emergence of divergencies of interest between class represen-
tatives and the unnamed class members which might result in
the erosion or even disappearance of typicality." Despite this
concern, the judge ruled that the plaintiffs had made a facially
sufficient, although fragile, showing on the typicality require-
ment. His conclusion reflects the wide latitude employed in
considering the adequacy of the plaintiffs' allegations with
regard to the rule 23 (a) requirements. The typicality require-
ment may be satisfied by an allegation that the defendant acted
consistently toward the members of a putative class. See *Brophy*
v. *School Comm. of Worcester*, 6 Mass. App. Ct. 731, 735-736
(1978). Decisions under the Fed. R. Civ. P. 23 (a) (2) indicate
that courts have given permissive application to the common-
ality requirements as well. 7 C.A. Wright & A.R. Miller,
Federal Practice and Procedure § 1763, at 604 (1972).

The potential for abuse of the class action provision of c. 93A
would exist if we were to accept the plaintiffs' argument that
a showing which meets the standards of our rule 23 (a) must
result in certification under § 9 (2). Judges considering whether
the requirements of rule 23 (a) have been satisfied do so with
a view toward their ability to exercise the discretion afforded
them under rule 23 (b). To read these requirements and the
cases interpreting them out of context could lead to results
which would not serve the purpose of c. 93A or serve the best
interests of the parties involved.

We conclude, therefore, that a judge presented with a motion
for class certification under § 9 (2) has discretion to determine
whether the similarity requirements of that statute have been

satisfied. In exercising this discretion, the judge is not restricted to considering the factors set forth in rule 23 (a), or bound by decisions under rule 23 interpreting those factors. We are satisfied that the judge's decision in the case before us rested upon a proper exercise of his discretion.

We answer "No" to both of the reported questions.