Hely, J.
I. Class Certification and Motion to Dismiss.
The complaint identifies two plaintiffs, Marianne Langevin and Sabrina Wright. Their primary allegation is that their contracts with the defendant authorized automatic monthly fee payments to be deducted from their bank accounts and paid directly to the defendant. They claimed that they were induced to sign these contracts without being informed of the contract periods or their rights to cancel. They allege that this was an unfair or deceptive practice under G.L.c. 93A §9, and that it caused them economic loss and emotional distress.
The primary issue raised by the defendant’s Motion to Dismiss is whether this case should be certified as a class action under M.R.Civ.P. 23 and G.L.c. 93A, §9(2). The parties briefed and argued this issue because it was raised by the Motion to Dismiss.
The standards to be applied to the class certification issue under Rule 23 and G.L.c. 93A, §9(2), are set forth *160 in Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 601-07 (1985). Applying those standards and the degree of discretion described in Fletcher, the court concludes that the case should not be certified as a class action.
Under both Rule 23(a) and §9(2) there is a requirement that the class be numerous. Fletcher, 394 Mass. at 605. The plaintiffs in this case have not met their burden of showing that there are numerous persons who have sustained damages by violations of their legal rights by Vertical. Two persons have been identified in the complaint who assert that they have sustained such damages. It perhaps can be assumed that there are numerous persons that signed similar contracts, but there is no basis for assuming there are numerous persons who believe that their legal rights have been violated and that they have been damaged by the payment provisions in their contracts with Vertical. This is a matter of guesswork either way, not reasonable inference.
Secondly, applying Rule 26(b), I find that the questions of fact that may be common to the proposed classes are unlikely to predominate over facts affecting only individual members. The statements and representations made to each potential plaintiff at the signing of her contract are likely to vary greatly. These would be important facts in determining whether there was any violation of a particular plaintiffs legal rights.
I further find under Rule 23(b) that a class action in this case would not be superior to other available methods for the fair and efficient adjudication of the controversy. On the contrary, there is no reason to think that any potential plaintiff cannot adequately present her claims on an individualized basis or by intervening in this action as a named plaintiff with Langevin and Wright. A class action in this case would be a less efficient rather than more efficient method for fairly adjudicating the claims.
Although the court has determined that the case shall not go forward as a class action, there is no need to dismiss the class action allegations even though they are now superfluous. The other arguments raised in the defendant’s motion to dismiss also do not warrant dismissal.
II. ORDER
(1) This case is not certified as a class action, and it shall proceed as an ordinary action.
(2) The Motion to Dismiss is denied.
(3) The Motion to Strike the amended portion of the complaint is denied.
(4) There is no reasonable likelihood that the plaintiffs’ recovery will exceed $25,000. The case is remanded to the Framingham District Court pursuant to G.L.c. 231, §102C.