King, J.
This action arises from a complaint brought by the plaintiff, Southeast Physical Therapy Services, Inc. (“SEPT”), against the defendants, Healthcare Value Management, Inc. (“HCVM”), Concentra Managed Care, Inc. (“Concentra”), Commerce Insurance Company, Trust Insurance Company, Premier Insurance Company of Massachusetts, Inc., and Arbella Mutual Insurance Company (collectively, the “Insurers”). In the complaint, SEPT[1] seeks injunctive relief and monetary damages for breach of contract, contending that the defendants violated its contract with HCVM by initiating and operating a program that provided for discounted payments of personal injury protection medical expenses. More specifically, SEPT complains of (1) HCVM’s failure to ensure that Con-centra and the Insurers steered personal injury protection claimants to preferred providers in the HCVM network;[2] (2) HCVM’s failure to ensure that Concentra and the Insurers paid medical bills within thirty days; and (3) HCVM’s disclosure of its preferred provider discounts to Concentra. SEPT further alleges that the defendant Insurers engaged in unfair and deceptive acts and practices in violation of G.L.c. 93A and G.L.c. 176D, §3, and also violated motor vehicle liability insurance statutes, G.L.c. 90, §34A and §34M.[3]
SEPT now moves pursuant to Mass.R.Civ.P. 23 for class certification and seeks to represent: (a) all persons or entities who were at any time a preferred provider of HCVM; and (b) all persons or entities whose medical bills were discounted for Massachusetts automobile insurance carriers by Concentra based on HCVM preferred provider volume discounts. In opposition, the defendants argue that class certification is not appropriate in this case because individual issues predominate over common questions of law or fact. The defendants also contend that a class action is not a superior method for the fair and efficient adjudication of this case.
DISCUSSION
A class action may be maintained if four preconditions are met: (1) the class must be numerous; (2) there must be common questions of law or fact; (3) the claims or defenses of the representative parties must be typical; and (4) the class representative must fairly and adequately protect the interests of that class. Mass.R.Civ.P. 23(a). Even if these four requirements are met, the court must find that questions of law or fact common to the case must predominate over questions affecting individual members, and that a class *572 action is superior to other available methods for the fair and efficient adjudication of the controversy. Mass.R.Civ.P. 23(b). The court retains broad discretion in determining whether litigation may be maintained as a class action. Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 601 (1985).
After considering the briefs and arguments of counsel, the court denies the motion for class certification based on the plaintiffs failure to show that common questions of law or fact exist. The court agrees with the defendants’ assertion that material factual differences among proposed class members, as well as individual questions of liability and damage, require individualized proof. For example, the court would have to determine whether HCVM’s discounted payment program constituted a breach of each separate provider contract. Moreover, the court would have to undertake an individualized damage analysis for each provider as to the amount billed, medical specialty, geographic location, and date of service. Under these circumstances, the court also concludes that a class action would not be superior to individual adjudication of the claims raised by SEPT because the efficiency and economy of judicial administration would not be advanced. Accordingly, class certification in this case is inappropriate.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for class certification is DENIED.

 SEPT is a physical therapy clinic owned and operated by a sole practitioner, David F. Bally.

 The HCVM network is the largest preferred provider organization in New England, with approximately 18,500 providers in Massachusetts, including medical centers, community hospitals, and group physician practices. Concentra provides care management and cost containment services to insurance companies. Concentra and HCVM entered into an agreement to establish a Voluntary Network Access (“VNA”) program which provides for the processing of personal injury protection medical bills according to a discounted payment schedule.

 On July 21, 1999, this court (Lauriat, J.) dismissed Counts II, VI, and VII of SEPT’s complaint alleging that HCVM and Concentra violated G.L.c. 90, §34A; G.L.c. 90, §34M; CL. c. 93A; and G.L.c 176D, §3. The court denied the Insurers’ motion to dismiss Counts IV, V, and VII, thus allowing SEPT to proceed against the Insurers with claimed violations of G.L.c. 90, §34A; G.L.c. 90, §34M; G.L.c. 93A; and G.L.c. 176D, §3.