Kirpalani, Maynard, J.
INTRODU CTION/BACKGROUND
The plaintiffs, Katherine Sandoval (“Sandoval”), Noel Van Wagner (“Van Wagner”), Bonnie Griffin (“Griffin”), and Amy Bloodgood (“Bloodgood”) (collectively the “Plaintiffs”) worked for the defendant, M.J.F. Bowery Corporation d/b/a Ten’s Show Club (the “Club”), an adult entertainment facility located in Salisbury, Massachusetts, as exotic dancers (hereinafter “dancers”). The Club classified the Plaintiffs as well as the other dancers who worked there as independent contractors rather than employees. The Plaintiffs contend this classification “resulted in numerous violations of statutory and common law,” including violation of G.L.c. 149, §148B (the “Independent Contractor Statute”) . This matter is currently before the court on the Plaintiffs’ Motion for Class Certification, wherein Plaintiffs seek to represent themselves and others similarly situated, that is, other dancers who worked at the Club between September 17, 2006 and the present. For the reasons explained below, the Motion for Class Certification will be ALLOWED.
DISCUSSION
In support of their Motion for Class Certification, the Plaintiffs argue they have met the requirements for certification as established by Mass.R.Civ.P. 23 (“Rule 23”) and further, the Plaintiffs claim a class action is the most efficient means of redressing the Club’s misconduct. In response, the Club contends the Plaintiffs have not met the requirements of Rule 23. The Club also contends certification is premature, unfairly depriving absent members from the ability to litigate their claims individually. The court agrees with the Plaintiffs, recognizing that this case is remarkably similar to other class actions involving workers disputing their classification as independent contractors. See, e.g., Chaves v. King Arthur’s Lounge, SUCV2007-02505, slip op. at 2-4 (Mass.Super. July 31, 2009) (McIntyre, J.) (Memorandum of Decision and Order on the Plaintiffs Motion for Class Certification).
Rule 23 sets forth the following requirements for class certification:
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or *25 fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
Mass.R.Civ.P. 23(a). In addition to the above requirements, Rule 23 provides that a class action may be maintained only
if . . . the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Mass.R.Civ.P. 23(b). In other words, a party seeking certification of a class must demonstrate six requirements — numerosity, commonality, typicality, adequacy, predominance, and superiority.
The party seeking certification bears the burden of proving that all six of the above-mentioned requirements have been met. See Weld, 434 Mass. at 86-87. Certification of a class is not a matter of mathematical precision. Id. at 85. Rather, the decision to certify a class is within the broad discretion of the trial judge. Id. at 84-85; see also Coggins v. New England Patriots Football Club, Inc., 397 Mass. 525, 537 (1986). A plaintiff must provide “information sufficient to enable a judge to form a reasonable judgment that the class meets” the certification requirements. Weld, 434 Mass. at 87.
I. Numerosity
“Because a judgment in a valid class action binds individuals who have not had a day in court, the litigation can be justified only by a positive showing that the class is so numerous as to vitiate joinder under either Rule 19 ... or Rule 20 and that whatever the numbers, the circumstances make joinder impracticable.” James W. Smith and Hiller B. Zobel, Rules Practice §23.4, at 336 (2d ed. 2006 & Supp. 2010) (emphasis in original). “Impracticable” does not, however, mean “impossible or incapable of being performed.” Brophy v. School Comm. of Worcester, 6 Mass.App.Ct. 731, 735 (1978) (internal citations omitted). Rather, the term “has been interpreted to mean impractical, unwise or imprudent.” Id. (internal citations omitted). “Numbers alone ... do not control.” Smith, supra, §23.4, at 337. In assessing numerosify, the court also considers efficiency, limitation on judicial resources, and expenses to the plaintiff. Brophy, 6 Mass.App.Ct. at 736.
Here, the Plaintiffs identify the class as “all the individuals who worked as dancers at [the Club] between September 17, 2006 and the present.” The Plaintiffs consist of four such individuals and they estimate that there are at least seventy other dancers, as yet unnamed, that worked at the Club during this period. The joinder of all such plaintiffs certainly appears “impractical, unwise, [and] . . . imprudent.” Id. at 735. Relying on principles of efficiency and economical use of limited judicial resources, the court concludes the Plaintiffs have met Rule 23’s numerosity requirement.
A. Commonality
Next, Rule 23 “requires the presence of questions of law or fact common to the class, although total commonality is unnecessary.” Smith, supra §23.5, at 337 (emphasis in original). More particularly, this prerequisite requires a plaintiff to show that “all the persons whom they profess to represent have a common interest in the subject matter of the suit and a right and interest to ask for the same relief.” Spear v. H.V. Greene Co., 246 Mass. 259, 266 (1923). The interest of each member of the class does not have to be identical in all respects, but the “interest must arise out of a common relationship to a definite wrong.” Id.
In this suit, the Club has allegedly misclassified all potential class members as independent contractors. Resolving this issue involves questions of law and fact common to all potential class members. Further, all potential class members have an interest in the subject matter of this suit and a right to the same relief, i.e., a right to proper classification under the Independent Contractor Statute for purposes of asserting claims under Massachusetts’ wage laws. The court concludes the Plaintiffs have met Rule 23’s commonality requirement.
B. Typicality
“The requirement that the representative’s claims or defenses typify those of the class relates ... to the court’s obligation to determine whether the representative parties will fairly and adequately protect the class’s interests.” Smith, supra §23.6, at 338. “Typicality is established when there is ‘sufficient relationship .. . between the injuiy to the named plaintiff and the conduct affecting the class,’ and the claims of the named plaintiff and those of the class ‘are based on the same legal theory.’ ” Weld, 434 Mass. at 87, quoting 1 Alba Conte & Herbert Newburg, Class Actions §3.13, at 3-76 (3d ed. 1992). “A plaintiff representative nominally satisfies the typicality requirement with ‘an allegation that the defendant acted consistently toward the [representative and the] members of a putative class.’ ” Id., quoting Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 606 (1985).
In the current action, the potential class members are dancers who allegedly did not receive proper wages due to the Club’s policy of misclassifying all dancers as independent contractors. The injury to potential class members is the same injury that has been inflicted upon the named Plaintiffs. The Club treated the Plaintiffs and all other potential class members the same. Further, the Plaintiffs’ claims and the claims of all other class members are based on the same legal theories, i.e., violations of the Independent Contractor Statute and other Massachusetts’ wage laws. The Plaintiffs’ claims clearly exemplify those of the class. *26 The court concludes the Plaintiffs have met Rule 23's typicality requirement.
C.Adequacy
“(A)dequacy of representation depends principally upon counsel’s competence and the integrity of counsel and of the class representative.” Smith, supra, §23.7, at 339. While “[a] class representative has the responsibility to protect the interest of all class members!, ]” Spence v. Reeder, 382 Mass. 398, 409 (1981), citing Gonzales v. Cassidy, 474 F.2d 67, 76 (5th Cir. 1973), counsel for a class “has a continuing obligation to [represent appropriately] each class member.” Id,, citing Pettway v. American Cast Iron Pipe Co., 576 F.2d 1157, 1176-77 (5th Cir. 1978), cert. denied, 439 U.S. 115 (1979). In addition, the judge “has a role as the guardian of the absent parties’ interests.” Id., citing United Founders Life Ins. Co. v. Consumers Nat’l Life Ins. Co., 447 F.2d 647, 655 (7th Cir. 1971).
Here, there is no evidence to suggest that either the Plaintiffs or their counsel will not adequately protect the interests of the class as a whole. First, there is no conflict between the Plaintiffs and other potential class members. In fact, as explained above, the Plaintiffs claims and legal theories are the same as those that would be asserted by other potential class members. Second, Plaintiffs’ counsel is experienced in wage and hour litigation arising under the Independent Contractor Statute having successfully litigated similar claims in other cases. See, e.g., Chaves v. King Arthur’s Lounge, SUCV2007-02505, slip op. at 2-4 (Mass.Super. July 30, 2009) (McIntyre, J.) (Memorandum of Decision and Order on the Defendant’s Motion for Summary Judgment and Plaintiffs Cross-Motion for Partial Summary Judgment). The court concludes the Plaintiffs have met Rule 23’s adequacy requirement.
D.Predominance
’The predominance test expressly directs the court to make a comparison between the common and individual questions involved," in order to reach a determination as to whether the common questions outweigh the individual. Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 363 (2008), quoting 4 Alba Conte & Herbert Newberg, Class Actions §4.24, at 154 (4th ed. 2002). The inquiry does not require that common questions dispose of the entire litigation. Id., at 364. Further, “the presence of individual questions does not, per se, contraindicate class action treatment.” Smith, supra §23.8, at 341. Rather, “the question is whether the individual questions so inundate the common issues that a class action is no longer desideratum — or even useful.” Id. This determination is highly discretionary. Fletcher, 394 Mass. at 601, quoting Baldassari v. Public Fin. Trust, 369 Mass. 33, 40 (1975), superseded on other grounds by statute, St. 1979, c. 406, § 1, as recognized in Leardi v. Brown, 394 Mass. 151 (1985).
Again, here, the Plaintiffs’ claims and alleged injuries are the same as those experienced by other members of the class. Further, the legal theories on which these claims rest are tire same. At least one common question predominates over all other potential individual questions — whether the Club violated tire Independent Contractor Statute by improperly classifying the dancers that worked at it as independent contractors. This common question outweighs any questions regarding individual proof or damages. The court concludes the Plaintiffs have met Rule 23’s predominance requirement.
E.Superiority
Once the other prerequisites for class certification have been met, the plaintiff must still demonstrate that a class action is superior to other methods for efficiently adjudicating the controversy. Fletcher, 394 Mass. at 601. This determination overlaps with some of the analyses under the previous requirements. At this point, the court considers the following:
(1) the size of the class; (2) the number and dollar amount of the claims which the class members hold . . .; (3) whether the relief sought is solely injunc-tive, or instead includes money damages . . .; (4) whether the class is party-plaintiff or defendant, realizing that if the latter, plaintiff selects the representatives, . . . requiring particular judicial effort to ensure fairness; (5) the desirability of a uniform determination of common legal and factual issues . . .; (6) the expense to the parties and to the Commonwealth of maintaining separate actions; and (7) the administrative difficulty of subsequently determining and distributing damages to absentee class members, as opposed to the problems presented by administering multitudinous individual lawsuits.
Smith, supra, §23.8, at 342 (emphasis in original).
In this case, the analysis of these factors demonstrates that a class action is the best method for efficiently adjudicating this controversy. First, as discussed above, the size of the possible class makes joinder impracticable. Next, the parties involved will benefit from one uniform determination as to the proper employment classification of the dancers working at the Club. Third, maintaining separate causes of action for every possible plaintiff would be unnecessarily costly. Finally, there appears to be no special administrative difficulty in determining and distributing damages compared with the problems associated with administering countless individual lawsuits. The court concludes the Plaintiffs have met Rule 23’s superiority requirement.
ORDER
The court finds that the Plaintiffs have met the class certification requirements established by Rule 23. For this reason, it is hereby ORDERED that Plaintiffs’ Motion for Class Certification be ALLOWED.