Hopkins, Merita A., J.
INTRODUCTION
In the underlying complaint, plaintiffs Rev. H. Bowen Woodruff (“Woodruff’) and Kimberly Genereux (“Genereux”), allege that the defendants, Niles Company, Inc. (“Niles”) and Sandra Lee (“Lee”), charged them improper finder’s fees as a precondition to securing apartment leases. The plaintiffs bring counts for breach of contract, violation of the security deposit statute (G.L.c. 186, §15), violation of the real estate licensing statute (G.L.c. 112, §87DDD1/2), misrepresentation, and violation of the consumer protection statute (G.L.c. 93A).[3] The plaintiffs move for certification of a class action pursuant to Mass.R.Civ.P. 23, in order to include in this action all other tenants of Niles-managed properties who Lee charged finder’s or broker’s fees between September 27, 2001, and November 7, 2003. For the reasons set forth below, the plaintiffs’ motion for class certification is ALLOWED.
*470 BACKGROUND
In June 2001, Niles, a property management company, hired Lee, a real estate salesperson, to show apartments to prospective tenants. Lee’s license expired and was not in effect from September 27, 2001, to November 17, 2003. Lee showed apartments to Woodruff and Genereux in June 2002 and May 2003, respectively, and charged them the equivalent of one month’s rent to secure the apartments. Thereafter, the plaintiffs discovered that Lee was unlicensed, and they filed the present action. They allege that the defendants misrepresented to them that Lee was a licensed real estate broker and then imposed finder’s fees in violation of G.L.c. 186, §15; G.L.c. 112, §87DDD1/2; and G.L.c. 93A (“93A”). They now seek class certification in order to join in other tenants of Niles-managed property who Lee charged finder’s fees during the time she was unlicensed.
DISCUSSION
The plaintiffs meet the requirements for class certification under Mass.R.Civ.P. 23(a) and (b), which provide:
(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
The court has broad discretion in determining whether the plaintiffs meet these requirements. Brophy v. Sch. Cmte. of Worcester, 6 Mass.App.Ct. 731, 735 (1978). The court must exercise this discretion according to the purposes class actions are meant to achieve. Sniffin v. Prudential Ins. Co. of America, 11 Mass.App.Ct. 714, 723 (1981). Thus, the court must apply carefully the criteria set forth in Mass.R.Civ.P. 23. Id. at 724.
Mass.R.Civ.P. 23(a)(1): Numerosity
The plaintiffs meet the numerosity requirement for class action certification. A class is numerous when joinder of all members is impracticable. Brophy, 6 Mass.App.Ct. at 736. “(I)mpracticable in the context of rule 23 has been interpreted to mean impractical, unwise, or imprudent rather than impossible or incapable of being performed.” Id. In determining whether joinder would be impracticable, the court considers efficiency, limitation of judicial resources, and expenses to the plaintiff. Id.
Here, the class will be comprised of at least fifty-six persons who may or may not be living in the Commonwealth at this time. (As yet, the plaintiffs have been unable to determine the exact identities and whereabouts of the members.) The potential recovery for individual class members is, according to the plaintiffs, between $1,200.00 and $2,500.00, plus double or triple damages, depending on the success of the 93A claims. Based on the size of the class, and the potential dispersion of its members, joinder would be impracticable. Based on the size of the claims in relation to the costs of individual litigation, separate actions would be impracticable as well.
Mass.R.Civ.P. 23(a)(2): Commonality
This case presents common questions of law and fact, namely, whether Niles and Lee unlawfully charged its tenants illegal finder’s fees. These common issues include, in part, whether Lee represented herself as a licensed real estate salesperson, whether Lee’s license was expired during the relevant time, whether Niles and Lee nonetheless charged finder’s fees for Lee’s services in violation of G.L.c. 186, §15 and G.L.c. 112, §87DDD1/2, and whether the defendants’ acts rose to the level of unfair and deceptive practices in violation of 93A.
Mass.R.Civ.P. 23(a)(3): Typicality
Woodruff and Genereux’s claims are typical of those of the class members: “Typicality is established when there is a sufficient relationship ... between the injury to the named plaintiff and the conduct affecting the class, and the claims of the named plaintiff and those of the class are based on the same legal theory.” Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 87 (2001), citing 1 H. Newburg, Class Actions, §3.13 at 3-47 (3d ed. 1992). “A plaintiff representative normally satisfies the iypicalily requirement with an allegation that the defendant acted consistently toward the representative and the members of a putative class.” Id. (citations omitted). As long as the plaintiffs’ claims and those of the class members are based on a single course of conduct, it is irrelevant that each class member’s interaction with the defendants may have differed. Id.; Weld, 434 Mass. at 92.
Like the class members, Woodruff and Genereux allege that Niles and Lee imposed illegal finder’s fees at the inception of their and other tenants’ leases. They seek return of the funds for themselves and the class members. Although the circumstances in which each individual tenant paid the fee may have differed from case to case, the claims are based on a single course of conduct.
Mass.R.Civ.P. 23(a)(4): Fair and adequate representation
The party seeking class certification “must show first that the interests of the representative party will not conflict with the interests of any of the class mem *471 bers, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation.” Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985). The plaintiffs meet these requirements. They will not have competing or conflicting claims with the class members — indeed, they seek the same relief for all members — and there is no dispute as to the adequacy of counsel.
Mass.R.Civ.P. 23(b): Common questions predominate, and class action is superior to other methods of adjudication
The common questions in this case predominate over any questions affecting only individual class members. This conclusion is consistent with Weld, where the court held that common questions predominate where “liability may be established without reference to the precise content of each" class member’s interaction with the defendants. 434 Mass. at 92. “Although common questions need not be dispositive of the entire class action . . . their resolution should at least provide a definite signal of the beginning of the end.” Fletcher v. Cape Cod Gas. Co., 394 Mass. 595, 603 (1985). Here, the common question to be resolved is whether, between September 27, 2001 and November 17, 2003, Lee was an unlicensed real estate broker who showed apartments and charged finder’s fees to prospective tenants of Niles-managed properties. This question can be resolved without delving into the specifics of each tenant that came to lease his or her apartment. The only individual questions will be the amount of damages owed to each class member. However, as the court stated in Weld, the necessity for individualized inquiries at the damages stage does not preclude class certification where all the other requirements are met. 434 Mass. at 92.
The class action is superior to other methods of adjudication, not only because of the common legal and factual questions, but also for purposes of efficiency. A class action provides judicial efficiency and access to the courts. Id. at 93. “[I]t aggregates numerous small claims into one action, whose likely range of recovery would preclude any individual plaintiff from having his or her day in court.” Id. As stated above, the potential recovery for individual class members is relatively small in proportion to the costs of individual litigation. It is also more efficient for the court to resolve the matter in one action rather than fifty-six or more individual actions. Thus, a class action is superior.
ORDER
For the foregoing reasons, the plaintiffs, Rev. H. Bowen Woodruff and Kimberly Genereux’s motion class certification is ALLOWED.

A count for breach of covenant of quiet enjoyment was dismissed on summary judgment.