Lang, James F., J.
The plaintiffs have brought a claim pursuant to G.L.c. 149, §150 (the Wage Act) against the defendants for their alleged failure to pay overtime for hours worked in excess of forty hours per week. The plaintiffs have sued the defendants in their individual capacities, but they also seek to represent a class of similarly situated individuals. They have filed a motion for class certification of their claims pursuant to the Wage Act and Mass.RCiv.P. 23. By their motion, as modestly amended in their reply to the defendants’ opposition, the plaintiffs seek certification of a class composed of “(a]ll hourly employees who were employed by the defendant, Arbor Homecare Services, LLC, for any portion of the time between March 31, 2013 and March 31, 2015, and who were not timely paid at the lawful overtime rate for hours worked in excess of 40 hours in each of the said weeks.” A non-evidentiaiy hearing on the motion was held on May 5, 2016. For the reasons that follow, the plaintiffs’ motion for class certification is ALLOWED.
In order to bring a class action under Mass.R.Civ.P. 23, a plaintiff must show: “(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.” Mass.R.Civ.P. 23(a); see also Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 86 (2001). Additionally, the plaintiff must prove that “questions of law or fact common to the members of the class predominate over any questions affecting individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” Mass.R.Civ.P. 23(b). The decision to approve or deny class certification lies within the broad discretion of the judge. Weld, 434 Mass, at 84-85. “The plaintiffs bear the burden of providing information sufficient to enable the motion judge to form a reasonable judgment that the class meets the requirements of rule 23; they do not bear the burden of producing evidence sufficient to prove that the requirements have been met.” Id. at 87.
As a preliminary matter, the defendants argue that the plaintiffs’ motion fails because the proposed class definition is not ascertainable without extensive and individualized factfinding that goes to the very heart of the plaintiffs’ claims, i.e., whether overtime wages were properly paid. The court disagrees that it will be a labor intensive endeavor to determine whether a putative class member was an employee during the relevant time frame and whether he or she worked *389 some amount of overtime without the requisite compensation.
At oral argument, the defendants also asserted that the claims of the putative class members, including the named plaintiffs, have been settled in accordance with the defendants’ settlement agreement with the Massachusetts Attorney General’s Office (“OAG”). The defendants contend that all employee overtime hours that were worked without proper compensation were encompassed in the settlement. They further argue that, where they entered into such a voluntary agreement with the OAG, the putative class members are precluded from now bringing Wage Act Claims. The agreement settled the OAG’s claims against the defendants for falling to pay overtime wages to its home health aides from September 1, 2013 through August 31, 2014. By its express terms, however, the agreement is between the defendants and the OAG only, and it does not bind the employees, nor release the defendants from liability, even as to the OAG, for any conduct beyond that described in the agreement. The agreement further states that the OAG cannot waive any statutory rights provided to individuals to pursue additional remedies (although the agreement does note that the defendants may be entitled to set-off for amounts paid under the agreement). It is thus clear that, even if the putative class members were beneficiaries of the settlement agreement and accepted payment thereunder of overtime wages due and owing them, they are not barred from proceeding with a Wage Act claim against the defendants. That being so, the plaintiffs are not required to show that they were not paid wages for a period beyond that covered by the settlement agreement itself. Moreover, nothing in the settlement agreement indicates that it reflected a determination by the OAG that the non-payment of overtime wages was confined to the one-year period of the agreement and that no other overtime wages were due and owing to any of the employees. It is therefore appropriate to expand the time frame, for purposes of defining the class, to a two-year period. The plaintiffs have done so by reasonably extending the settlement agreement time frame by six months in both directions.
The court turns now to the certification criteria and considers them seriatim.
1. Numerosity
To meet the numerosity requirement, a class must be “so numerous that joinder of all members is impracticable.” Mass.R.Civ.P. 23(a)(1). Impracticable in this contexts means “impractical, unwise or imprudent rather than impossible or incapable of being performed.” Brophy v. School Comm. of Worcester, 6 Mass.App.Ct. 731, 735 (1978). “Considerations of efficiency, limitation of judicial resources and expense to the plaintiffs support a determination that joinder will not be required.” Id. Mere numbers are not controlling. See Reporter’s Notes to Mass.R.Civ.P. 23; Sandoval v. M.J.F. Bowery Corp., 2011 WL 5517330, *2 (Mass.Super. 2011).
Based largely on the defendants’ settlement agreement with the OAG, in which they admitted liability for failure to pay overtime wages to 376 employees over a 12-month period, the plaintiffs contend that the numerosity requirement is satisfied. The court agrees. While the settlement will not be admissible as proof of the validity of any claim or its amount, the court may properly consider it as some indicator of the potential number of claimants. The plaintiffs are not required to produce actual evidence at this stage. See Weld, 434 Mass. at 87; Sandoval, 2011 WL 5517330 at *2 (numerosity satisfied where plaintiffs estimated that at least seventy other individuals would qualify for the class).
2. Commonality
The plaintiffs must demonstrate that “there are questions of law or fact common to the class.” Mass.R.Civ.P. 23(a)(2). The commonality requirement is met when the class members have a common interest that arises out of a common relationship to a definite wrong, and all class members have the right to seek the same relief against the defendants. Spear v. H.V. Greene Co., 246 Mass. 259, 266 (1923). “It is not essential that the interest of each member of the class be identical in all aspects with that of the plaintiffs.” Id. Courts have given “permissive application to the commonality requirements.” Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 606 (1985) (noting decisions under Fed.R.Civ.P. 23(a)).
The defendants contend that commonality is lacking because the determination of liability will require a burdensome inquiry into each employee’s individual circumstances. The court has already indicated its view to the contrary. And the differences to which the defendants point in the putative class members’ positions, duties, and hourly wage rates do not deprive the class of commonality relating to their status as employees who were not paid overtime wages. The claims of the class members arise from either a decision or error by the defendants that was common to all of the aggrieved employees, and the defendants do not argue otherwise (as the court best understands it, the defendants assert, in effect, that an accountant or bookkeeper made a renegade decision to pay overtime wages at the usual hourly rate).
3. Typicality
A plaintiff must show that its claims are typical of the claims of the class. Mass.R.Civ.P. 23(a)(3). “Typicality is established when there is ‘a sufficient relationship . . . between the injury to the named plaintiff and the conduct affecting the class,’ and the claims of the named plaintiff and those of the class ‘are based on the same legal theory.’ ” Weld, 434 Mass. at 87 (alteration in original), quoting 1 H. Newberg, Class Actions §3.13, 3-76 (3d ed. 1992). “The typicality *390 requirement may be satisfied by an allegation that the defendant acted consistently toward the members of a putative class.” Fletcher, 394 Mass. at 606.
The court finds this requirement to be satisfied. The facts that one of the named plaintiffs, Emanuel Delgado, has a retaliatory discharge claim as well is not determinative.
4. Adequacy
A party seeking to represent a class must show that it will “fairly and adequately protect the interests of the class.” Mass.R.Civ.P. 23(a)(4). To demonstrate adequacy, “(t]he party seeking class certification ‘must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation.’ ” Woodruff v. Niles Co., Inc., 2007 WL 1537705, *3 (Mass.Super. 2007) [22 Mass. L. Rptr. 469], quoting Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985).
The defendants assert that the plaintiffs have failed to adduce any information or argument regarding their own or their counsel’s suitability as class representatives. What the plaintiffs have relied upon to satisfy the adequacy requirement is contention that they and their attorney have diligently and effectively pursued their Wage Act claims with the OAG and the initiation of the instant law suit.
While the information provided by the plaintiffs on this criterion is somewhat threadbare, the court finds it sufficient. While little is revealed about the plaintiffs themselves, the court understand them all to have been home health care employees who were not paid for their overtime hours at the statutoiy rate. No other characteristics are especially germane. Importantly, there does not appear to be any conflict between the plaintiffs and other putative class members. See Sandoval, 2011 WL 5517330 at *3-4 (finding adequacy requirement met where “there is no conflict between the Plaintiffs and other potential class members . . . as explained above, the Plaintiffs’ claims and legal theories are the same as those that would be asserted by other potential class members”). As for the adequacy of plaintiffs’ counsel, the defendants have not directly challenged his suitability. While counsel admittedly has scant experience with class action litigation, he had been a civil litigator for many years. This is not an especially complicated undertaking as class actions go. The court concludes that counsel has sufficient capability.
5. Predominance
A plaintiff seeking class certification must demonstrate “that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members.” Mass.R.Civ.P. 23(b). The predominance requirement is met by showing that there is a “sufficient constellation of common issues [that] bind class members together.” Weld, 434 Mass. at 92 (alteration in original), quoting Waste Management Holdings, Inc. v. Mowbray, 208 F.3d 288, 296 (1st Cir. 2000). The need for individualized determinations of damages for each class member does not preclude class certification when all other requirements are met. Weld, 434 Mass. at 92. The purpose of the predominance requirement is to ensure that class certification promotes judicial efficiency. See Salvos, 452 Mass. at 362-63.
The defendants maintain that every class member’s claim will require individualized proof and examination of his employment terms, hours, and compensation that was paid. Comcast v. Behrend, 131 S.Ct. 1426 (2013), provides some support for that contention. There the Supreme Court held that, to meet the predominance requirement, the plaintiffs had to show individual injuries that were “capable of proof at trial through evidence that [was] common to the class rather than individual to its members.”[1] Id. at 1430 (alteration in original), quoting Behrend v. Comcast Corp., 264 F.R.D. 150, 154 (ED.Pa. 2010). In Comcast, the Court accepted only one of the four theories of liability that the plaintiffs presented, but the plaintiffs’ damages model could not isolate damages from any single theory of liability. 131 S.Ct. at 1430-31. The Court determined that, under those circumstances, damages could not be linked to liability and “[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class.” Id. at 1433. But recent cases have held that Comcast does not change the standard for predominance, nor the principle that the need for an individualized determination of damages does not necessarily preclude class certification. See George v. National Water Main Cleaning Co., 2014 U.S. Dist. LEXIS 34035, *8 (D.Mass. 2014) (and cases cited). “It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require every member of the class have identical damages.” In re Nexium (Esomeprazole) Antitrust Litigation, 297 F.R.D. 168, 181 (D.Mass. 2013), quoting Butler v. Sears, Roebuck and Co., 727 F.3d 796, 801 (7th Cir. 2013). In George, the court rejected the argument that determining whether the defendants violated wage laws would require detailed examination of week-by-week and employee-by-employee time cards because “the issues of whether the Defendants’ policies violated prevailing wage laws and whether the Defendants actually engaged in the illegal behavior are the predominant issues in this case.” 2014 U.S. Dist. LEXIS 34035 at * 12 (noting the distinction between the question of whether the defendants committed illegal acts and the question of damages owed to individual employees). Similarly, in Martins v. 3PD, Inc., the court certified a class because the defendant’s “liability for various categories of damages does not depend on any *391 individual factual determinations,” even though actual damages calculations would require individual calculations. 2014 U.S. Dist. LEXIS 40638, *35-36 (D.Mass. 2014) (finding Comcast “inapposite where individual amounts of damages are capable of documentary proof and require only simple arithmetic”).
Here, the liability of the defendants depends on the existence of a non-compliant compensation policy or practice that was common to all employees. While individual calculations will be necessary to determine damages for class members, such problems are not so overwhelming that they predominate over the common question of liability. See George, 2014 U.S. Dist. LEXIS 34035 at *13-14. Therefore, the court finds that common questions of law predominate over questions affecting individual class members.
6. Superiority
A plaintiff must show “that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” Mass.R.Civ.P. 23(b). Like predominance, judicial economy underlies the superiority requirement in class certification. Salvas, 452 Mass. at 362-63. Judicial economy favors class certification when a case “aggregates numerous small claims into one action, whose likely range of recovery would preclude any individual plaintiff from having his or her day in court.” Weld, 434 Mass. at 93.
Although the defendants do not address this requirement, the court will do so. The aggregation of claims into a class action here is superior to, and more efficient than, allowing hundreds of individual lawsuits for relatively small damages. See id. The court finds that a class action is superior to other methods of adjudicating the case.
For the foregoing reasons, the plaintiffs’ motion for class certification pursuant to the Wage Act and Mass.R.Civ.P. 23 is ALLOWED. The court will certify a class that will include any individuals who were hourly employees employed by the defendant, Arbor Homecare Services, LLC., for any portion of the time between March 31, 2013 and March 31, 2015, and who were not timely paid at the lawful overtime rate for hours worked in excess of 40 hours in each of the said weeks.

 though Fed.R.Civ.P. 23 is not identical to Mass.R.Civ.P. 23, “case law construing the Federal mle is analogous and extremely useful.” Weld, 434 Mass. at 86 n.7.